UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANDEM GOODS LLC, <br><br> Plaintiff, <br><br> v. <br><br> CASPER SLEEP INC., <br><br> Defendant. | Civil Action No. <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tandem Goods LLC ("TANDEM") brings this action against defendant Casper Sleep Inc. ("CASPER") and hereby alleges as follows:

## THE PARTIES

1. TANDEM is a Limited Liability Company organized and existing under the laws of New York having a principal place of business at 220 25th St. #105, Brooklyn, NY 11232.

2. TANDEM is the owner of U.S. Patent No. 9,247,836, entitled "Configurable Pillow Case With A Compartment For At Least One Removable Insert" (the "Patent-In-Suit"). TANDEM is in the business of making, selling, and /or offering to sell pillows and pillow accessories. While sales have not yet commenced, TANDEM is moving its business forward, including but not limited to commencing design and manufacturing activities.

3. Upon information and belief, CASPER is a corporation organized and existing under the laws of Delaware, and registered with the New York State Department of State to conduct business in New York, having a principal place of business at 230 Park Ave. South, 13th Floor, New York, NY 10003 and a seasonal retail location at 106 Spring Street, New York, NY 10012. CASPER makes, uses, sells, and/or offers to sell bedding products, including pillows.

## JURISDICTION AND VENUE

4. This action is for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., including section 271. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2202.

5. This Court has jurisdiction over CASPER because CASPER does business in the State of New York and this District, contracts to supply goods or services within the State of New York and this District, has continuous and systematic business contacts within the State of New York and this District, derives substantial revenue from interstate commerce from goods used or services rendered in the State of New York and this District and commits and has committed acts of patent infringement either within the State of New York and this District, or outside the State of New York and this District with a reasonable expectation that such acts would have consequences within the State of New York and this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FACTS COMMON TO ALL COUNTS

### *The Patent-In-Suit*

7. On February 2, 2016, U.S. Patent No. 9,247,836 (the "'836 Patent"), entitled "Configurable Pillow Case With A Compartment For At Least One Removable Insert," a copy of which is attached hereto as *Exhibit A*, was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Michelle DuPré as the sole inventor.

8. TANDEM is the owner of the '836 Patent by way of assignment. TANDEM is an inventor-owned company.

### *CASPER's Infringing Products*

9. CASPER designs, manufactures and sells a variety of bedding products, which include: dual-layered pillows and pillow cases which CASPER refers to as the "Casper Pillow" (the "Accused Products") (*Exhibit B*).

10. Upon information and belief, CASPER sells the Accused Products to consumers throughout the United States, including the State of New York and this District.

11. Upon information and belief, CASPER sells the Accused Products to consumers throughout the United States, including the State of New York and this District via direct sales from its website www.casper.com, via direct mail advertisements targeted to consumers throughout the United States, including the State of New York and this District, and direct sales from its seasonal retail store located at 106 Spring Street, New York, NY 10012, as well as through third parties, such as brick-and-mortar and e-commerce retailers Target and West Elm.

### COUNT 1 (PATENT INFRINGEMENT)

12. TANDEM re-alleges and incorporates by reference the foregoing allegations as though fully set forth here.

13. Pursuant to 35 U.S.C. § 271(a), CASPER is liable for direct infringement of the '836 Patent by having made, used, offered to sell, or sold and continuing to make, use, sell and/or offer to sell the Accused Products. CASPER's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Accused Products that embody the patented configurable pillow case of the '836 Patent. Specifically, the Accused Products include a configurable pillow case article that has a primary compartment for receiving a primary material and a secondary compartment for receiving a secondary material, with the

compartments defined by top, side, and bottom sections configured as claimed in at least claim 1 of the '836 Patent and as shown and described below in relation to Fig. 1.

*Fig. 1*



14.     As can be seen in Fig. 1, the Casper Pillow has a first and second compartment, the first compartment houses coated fiber fill and the second compartment houses longer fiber fill, made up of top and bottom sections, and having a plurality of edges.  The outer and inner surfaces are made of different materials (the white outer surface is a first material; the striped inner surface is a second material).  Moreover, the first compartment receives the first fill and the second compartment releasably retains the second fill insert.  The Casper Pillow is capable of being inverted (turned inside out) so that the first fill is disposed within the compartment releasably retaining the fill insert, i.e., within the pillow case housing, as claimed in at least claim 1 of the '836 Patent.

15.     Pursuant to 35 U.S.C. § 271(b), CASPER is liable for inducement of infringement by having, and continuing to, knowingly cause (or intend to cause) the direct infringement of the '836 Patent by users of the Accused Products.

16.     Pursuant to 35 U.S.C. § 271(c), CASPER is liable for contributory infringement of the '836 Patent by having sold or offered to sell and continuing to sell or offer to sell the

Accused Product, and the components thereof, that comprise a material component of the invention embodied in the '836 Patent, that are especially made or adapted for use in infringing the '836 Patent, and that are not suitable for any substantial non-infringing use, in order to provide the Accused Products to users and having knowledge that the '836 Patent was/is being directly infringed by users.

17. Upon information and belief, CASPER's infringement of the '836 Patent is willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '836 Patent as of the filing of this action and thus acting in reckless disregard of TANDEM's patent rights.

18. As a result of CASPER's acts of infringement of the '836 Patent, TANDEM has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

19. Unless an injunction is issued enjoining CASPER and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them from infringing the '836 Patent, TANDEM will suffer irreparable injury for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, TANDEM requests the following relief:

A. a judgment that CASPER has infringed, is infringing, has induced and is inducing, has contributed and is contributing to the infringement of the '836 Patent;

B. a permanent injunction enjoining CASPER, its officers, agents, servants, employees, affiliates and attorneys, and all those in active concert or participation with them,

from further infringing, inducing infringement, and contributing to the infringement of the '836 Patent;

  C. an award of damages adequate to compensate TANDEM for the infringement of the '836 Patent by CASPER;

  D. the trebling of the damages award pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein, together with prejudgment and post-judgment interest;

  E. attorneys' fees pursuant to 35 U.S.C. § 285

  F. an award of costs and expenses in this action to TANDEM; and

  G. a grant to TANDEM of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TANDEM hereby requests a trial by jury on all claims and issues so triable herein.

| Dated: September 1, 2017 | Respectfully submitted, <br><br> TANDEM GOODS LLC <br><br> _____ <br> Darren M. Geliebter <br> LOMBARD & GELIEBTER LLP <br> 305 Broadway, 7th Floor <br> New York, NY 10007 <br> Tel: (212) 520-1172 <br> Fax: (646) 349-5567 <br> dgeliebter@LombardIP.com <br><br> *Attorneys for Plaintiff* <br> *Tandem Goods LLC* |
|---|---|